IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **Brandon Callier**, on behalf of himself and all others similarly situated,<br><br>Plaintiff<br><br>*versus*<br><br>**Circle K Stores Inc.,** a Texas Corporation<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No.3:24-cv-401<br><br>**DEMAND FOR JURY TRIAL** |

**CLASS ACTION COMPLAINT**

## INTRODUCTION

Plaintiff BRANDON CALLIER, individually and on behalf of all others similarly situated, brings this Class Action Complaint against Defendant CIRCLE K STORES INC., to stop their illegal practice of placing unsolicited texts in violation of the Telephone Consumer Protection Act ("TCPA"). Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigations conducted by his attorney.

## PARTIES

1. Plaintiff Brandon Callier (hereinafter "Mr. Callier") is an individual residing in or near El Paso, County Texas and was present for all causes of action complained of herein within El Paso, Texas.

2. Mr. Callier is a "person" as defined by 47 U.S.C. § 153(39).

3. Mr. Callier may be served any relevant papers via email to his counsel Omar Darwich at omar@darwichlegal.com

4. Defendant Circle K Stores Inc., (hereinafter "Circle K") is a corporation organized and existing under the laws of Texas and can be served via its registered agent Corporation Service Company dba CSC-Lawyers INCO, 211 E 7th Street, STE 620, Austin, Texas 78701.

## JURISDICTION AND VENUE

5. This action is brought by Mr. Callier pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

6. This Court has jurisdiction over the subject matter of the claims under the TCPA pursuant to 47 U.S.C. § 227(g)(2). This Court also has jurisdiction over the subject matter of the claims under the TCPA pursuant to 27 U.S.C. § 1331.

7. This Court has general personal jurisdiction over the Defendant as they are a Texas Corporation.

8. Venue of this suit lies in the Western District of Texas, El Paso Division, pursuant to 47 U.S.C. § 227(g)(4) because violations of the TCPA occurred within the Western District of Texas, as more specifically alleged below. Venue further lies in the Western District of Texas, El Paso Division, pursuant to 28 U.S.C. § 1391(b) because a substantial part of events giving rise to the claim alleged herein occurred within the Western District of Texas.

## TCPA BACKGROUND

9. The TCPA was passed in 1991 to help prevent unwanted telephone calls and solicitations, provide power to consumers to prevent unwanted solicitations and rein in unrestricted telemarketing. *See* 47 U.S.C. § 227, *et seq*.

10. The TCPA makes it unlawful "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes, is made solely pursuant to the collection of a debt owed to or guaranteed by the United States or is exempted by rule or order" of the Federal Communication Commission ("FCC"). 47

U.S.C. § 227(b)(1)(B).

11. The TCPA provides a private cause of action to persons who receive calls in violation of § 227(b). 47 U.S.C. § 227(b)(3).

12. According to findings of the FCC, the agency vested by Congress with authority to issue regulations implementing the TCPA, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls and can be costly and inconvenient.

13. The FCC requires "prior express written consent" for all autodialed or prerecorded telemarketing robocalls to wireless numbers and residential lines.  In particular:[A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer:  (1) received clear and conspicuous disclosure of the consequences of providing the requested consent, *i.e.*, that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates. In addition, the written agreement must be obtained without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.

14. Under the TCPA, a text message is a call. *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 951 – 52 (9th Cir. 2009).

## STATEMENT OF FACTS

15. Mr. Callier's personal cell phone (XXX) XXX-4604 has been registered on the National Do-Not-Call Registry since December 2007.

16. Defendant operates retail gas stations/convenience stores throughout the state of Texas and the United States.

17. Defendant, upon information and belief, at some point in time, launched a rewards program to encourage consumers to shop at Defendant's locations.

18. On September 28, 2022, Mr. Callier sent a text message stating "STOP" to a short text number (31310) to unenroll in Defendant's rewards program.

19. Defendant responded to said message with a text stating "Circle K: You have been unsubscribed from all texts on 31310 & will no longer receive text msgs."

20. Each of the subsequent text messages received by Mr. Callier was a knowing and willful violation, as Mr. Callier had delivered a Do-Not-Contact request that was acknowledged by Defendant.

21. Each of the subsequent text messages was delivered at least 45 days after Mr. Callier had delivered the acknowledged Do-Not-Contact request.

22. On November 15, 2022, Plaintiff received an unprompted text message from short text number 31310 asking Plaintiff to "join the Circle K Text Club for Exclusive Text Deals!"

23. On May 12, 2024, Plaintiff received an unprompted text message from short text number 25050 asking Plaintiff to "Finish registering for Inner Circle to unlock your member benefits."

24. Plaintiff had not started any type of registration for any programs with Circle K.

25. On May 15, 2024, Plaintiff received another unprompted text message from short text number 25050 asking Plaintiff to "Finish Joining Inner Circle."

26. On May 22, 2024, Plaintiff received a text message from 31310 encouraging Plaintiff to participate in "Fuel Day at Circle K!"

27. On June 27, 2024, Plaintiff received a picture text message from 31310 encouraging Plaintiff to download the Circle K app.

28. On June 27, 2024, Plaintiff received a text message from 31310 stating, "Exciting news – our future texts will be sent from 25050. To keep enjoying our fantastic deals, please download the Circle K app."

29. On July 12, 2024, Plaintiff received a text message from 25050 stating, "Hello from our new number! Save it so you don't miss our latest deals & updates."

30. On August 25, 2024, Plaintiff received a text message from 25050 stating, "Hey, Circle K Fam, your favorite deal just got extended! Get any size Polar Pop for Froster for 79c thru 9/30."

31. <u>Each of the text messages was received after Plaintiff had unenrolled from Defendant's text services.</u>

Table A shows the text messages sent to Plaintiff by Defendants.

TABLE A:

| Number: | Date: | Time: | Caller ID: | Note: |
|---|---|---|---|---|
| 1. | 11/15/2022 | 8:05 AM | 31310 | Circle K Solicitation |
| 2. | 11/15/2022 | 8:05 AM | 31310 | Circle K Solicitation |
| 3. | 05/12/2024 | 11:20 PM | 25050 | Circle K Solicitation |
| 4. | 05/15/2024 | 11:04 AM | 25050 | Circle K Solicitation |
| 5. | 05/22/2024 | 10:02 AM | 31310 | Circle K Solicitation |
| 6. | 06/27/2024 | 1:24 PM | 31310 | Circle K Solicitation |
| 7. | 06/27/2024 | 1:24 PM | 31310 | Circle K Solicitation |
| 8. | 07/12/2024 | 2:36 PM | 25050 | Circle K Solicitation |

| | | | | |
|---|---|---|---|---|
| **9.** | 08/25/2024 | 12:14 PM | 25050 | Circle K Solicitation |
| **10.** | 09/01/2024 | 11:36 PM | 25050 | Circle K Solicitation |
| **11.** | 09/06/2024 | 12:01 PM | 25050 | Circle K Solicitation |

32. Defendant placed multiple text messages to Plaintiff within a twelve-month period to Plaintiff's residential phone line, listed on the National DNC registry since 2007, which violated § 227(c) and 47 C.F.R. § 64.1200(c).

33. Defendant knew or should have known that its conduct would violate the TCPA and its regulations because Plaintiff had opted out of Defendant's text messages, and Defendant had no reason to send Plaintiff any text messages.

34. No emergency necessitated none of the alleged illegal automated text messages.

35. Plaintiff has limited data storage capacity on his cellular telephone. Incoming telemarketing text messages consumed part of this capacity.

## CLASS ALLEGATIONS

36. **Class Definition**: Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of Plaintiff and a class defined as follows:

    > **Texas Class**. All persons in the state of Texas who: (1) from the last 4 years to present (2) Defendant texted (3) whose telephone numbers were registered on the Federal Do Not Call registry for more than 31 days at the time.

37. The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or their parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4)

persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendants' counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

38. **Numerosity**: The exact number of the Class members is unknown and not available to Plaintiff, but individual joinder is impracticable. On information and belief, Defendants have called hundreds if not thousands of consumers who fall into the definition of the Class. Members of the Class can be identified through Defendants' records.

39. **Typicality**: Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the Class members sustained damages arising out of Defendants' uniform wrongful conduct and unsolicited messages.

40. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff's claims are made in a representative capacity on behalf of the other members of the Class. Plaintiff has no interests antagonistic to the interests of the other members of the proposed Class and is subject to no unique defenses. Plaintiff has retained competent counsel to prosecute the case on behalf of Plaintiff and the proposed Class. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so.

41. **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendants have acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class members and making final injunctive relief appropriate with respect to the Class as a whole. Defendants' practices challenged herein apply to and affect the Class members uniformly, and Plaintiff's challenge of those practices hinge on Defendants' conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

42. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

    a. Whether the unsolicited texts were caused by the Defendants;

    b. Whether the unsolicited texts promoted the Defendants' products or services;

    c. Whether the Defendants checked the phone numbers to be called against the Federal Do Not Call registry;

    d. Whether the Defendants obtained written express consent prior to sending the text messages;

    e. Whether members of the Class are entitled to treble damages based on the knowingness and/or willfulness of Defendants' conduct.

43. **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy as joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendants' misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court.

Economies of time, effort and expense will be fostered, and uniformity of decisions ensured.

### INJURY, HARM, DAMAGES

44. Defendant's texts harmed Plaintiff by causing the very harm that Congress sought to prevent—a "nuisance and invasion of privacy."

45. Defendant's text messages harmed Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's **residential** cellular telephone.

46. Defendant's text messages harmed Plaintiff by intruding upon Plaintiff's seclusion.

47. Plaintiff has been harmed, injured, and damaged by the text messages including, but not limited to: reduced device storage, reduced data plan usage, anger, frustration, invasion of privacy, and more frequent charging of his cell phone.

### First Cause of Action:
### (Violation of the TCPA "Sales Call/DNC" Prohibition, 47 U.S.C. 227(c), and 47 C.F.R. § 64.1200(C))
### (On behalf of Plaintiff and the Texas Class)
### (Against All Defendants)

48. Mr. Callier realleges paragraphs one through forty-seven and incorporates them herein as if set forth here in full.

49. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227. By making telemarketing calls, except for emergency purposes, to Plaintiff and members of the National Do Not Call Registry Class (Texas Class) despite their numbers being on the National Do Not Call Registry.

50. Defendant's violations were negligent, willful, or knowing.

51. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf, violations of the TCPA 47 U.S.C. § 227, Plaintiff and members of the Texas Class are entitled to an award of up to five hundred dollars ($500.00) in damages for each and every call made and up to one thousand five hundred dollars ($1,500.00) if the calls are found to be willful.

52. Plaintiff and the Texas Class members are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls to telephone numbers registered on the National Do Not Call Registry, except for emergency purposes, in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Brandon Callier, individually and on behalf of the Class prays for the following relief:

A. An order certifying the Class as defined above, appointing Plaintiff as the Class representative and appointing his counsel as Class Counsel;

B. An order declaring that the Defendant's actions, as set out above, violate 227(c) of the TCPA;

C. An order declaring that the Defendant's actions, as set out above, violate the TCPA willfully and knowingly;

D. An award of $1,500.00 per text in statutory damages arising from the TCPA §227(c) for each intentional or willful violation to Plaintiff and to each member of the Texas Class;

E. An award of $500 per text in statutory damages arising from the TCPA §227(c) for each violation found non-intentional or non-willful to Plaintiff and to each member of the Texas Class;

F.  An injunction requiring Defendants to cease sending all unlawful calls and texts;

G.  An award of injunctive and other equitable relief as necessary as to protect the interests of the Classes, including, *inter alia*, an order prohibiting Defendant from engaging in the wrongful and unlaw acts described herein;

H.  An award of reasonable attorneys' fees and costs; and

I.  Such further relief as the Court deems necessary, just, and proper.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated this 29th day of October 2024.

Respectfully Submitted,

The Darwich Law Firm, LLC

　/Omar F. Darwich/　　　　　
Omar F. Darwich
Tx Bar No. 24124686

10921 Pellicano Dr, #100
El Paso, TX 79935

(915) 671-2221
omar@darwichlegal.com

**ATTORNEYS FOR PLAINTIFF**

**VERIFICATION STATEMENT**

I, Brandon Callier, hereby state under oath that I am the Plaintiff in this dispute, that I have read the foregoing complaint, and that it is are true and accurate to the best of my knowledge and belief, except as to matters stated on information and belief, and that as to those matters I believe to be true.

I declare under penalty of perjury that the foregoing verification is true and correct to the best of my knowledge and belief, and as to any matter stated on belief, I believe such to be true.

Dated this 29th day of October 2024.

                            /Brandon Callier /
                            Brandon Callier